NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3047

JAIME NAZARIO,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Jaime Nazario, of Fairfax, Virginia, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3047

JAIME NAZARIO,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated case nos. DC-0752-08-0002-B-1 and DC-0752-08-0425-I-1.

_____

DECIDED:    June 5, 2009
_____

Before MAYER, CLEVENGER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Jaime Nazario appeals the decision of the Merit Systems Protection Board, which affirmed the decision of the Department of Justice to suspend him indefinitely for failing to hold a security clearance to access National Security Information (NSI). <u>Nazario v. Dep't of Justice</u>, No. DC-0752-08-0002-B-1 (M.S.P.B. Oct. 15, 2008). Because the board correctly determined that the department followed the required procedures to suspend him, we <u>affirm</u>.

Nazario charges that the Department of Justice violated the requirements of 5 U.S.C. § 7513 by not providing certain supporting material to him or the board which

would have allowed him to present a better answer to his proposed suspension as provided under subsection (e). He specifically argues for the inclusion of information concerning the department's decision to rescind his security clearance. He also argues that the department did not adhere to its own regulations for revoking a security clearance. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

This court must affirm a decision of the board unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. 7703(c) (2006).

5 U.S.C. § 7513 provides the procedures by which an agency may remove or suspend an employee for more than 14 days. By its terms, an employee is generally entitled to 30 days advance notice, at least 7 days to answer, representation by an attorney, and a written decision by the earliest practicable date. 5 U.S.C. § 7513(b) (2006). An employee may appeal a suspension to the Merit Systems Protection Board, to which the agency is required to provide a copy of the proposed action, the employee's answer if written or a summary if oral, the notice of the agency's decision, and any order effecting the action. Id. at §§ 7513(d), (e). However, while the board may review the facts resulting in the suspension, it does not have jurisdiction to consider the decision of whether to grant or maintain a security clearance, because such a decision is "a sensitive and inherently discretionary judgment call which is committed by law to the appropriate agency of the Executive Branch," in this case, the Department of Justice. Hesse v. Dep't of State, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (quoting Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988)). Therefore, the board could

only determine whether the Department of Justice correctly adhered to section 7513 given the fact that Nazario had lost his security clearance. When an agency action is challenged under section 7513, the board may determine whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in section 7513 were followed, but it may not examine the underlying merits of the security clearance determination. Hesse, 217 F.3d at 1376.

Because both parties agree that a security clearance was required for Nazario's position, and that it had been rescinded at least pending investigation, and because the department gave Nazario notice of 30 days, allowed him to answer, and promptly supplied him with a decision, substantial evidence supports the board's finding that the department correctly adhered to the statute. The board correctly dismissed Nazario's charges that the information provided to the board by the department was insufficient under section 7513(e) because the supporting material he requested be considered by the board reached only the merits of the underlying removal of his security clearance.